HERRICK, FEINSTEIN LLP
Barry Werbin (BW 3595)
Marni Weiss (MW 3353)
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Attorneys for Plaintiff



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MILANO MANHATTAN, LTD.,

               Plaintiff,

      against

TRACY EVANS LTD., PANZAI BOUTIQUE,
LTD. a/k/a MONSIOR COURTOUR, INC., and
HGA, LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 CIV 8012

**COMPLAINT AND**
**JURY DEMAND**

Plaintiff, Milano Manhattan, Ltd. ("Milano"), for its complaint against Tracy Evans Ltd. ("Tracy Evans"), Panzai Boutique, Ltd. a/k/a Monsior Courtour, Inc. ("Panzai") and HGA, LLC ("HGA," along with Tracy Evans and Panzai hereinafter collectively referred to as "Defendants"), by its attorneys, Herrick, Feinstein LLP, alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is an action for copyright infringement against the Defendants under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for their unauthorized manufacture, sale, distribution and advertising of apparel that infringes Plaintiff's original copyrighted design.

**THE PARTIES**

2.      Plaintiff Milano is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 525 Seventh Avenue, New York, New York 10018.

3.      Upon information and belief, Defendant Tracy Evans is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 530 Seventh Avenue, 19th Floor, New York, New York 10018.   Upon information and belief, Tracy Evans is a designer and manufacturer of women's apparel.

4.      Upon information and belief, Defendant Panzai is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 357 Seventh Avenue, New York, New York 10001.   Upon information and belief, Panzai operates a retail store that sells, among other things, women's apparel.

5.      Upon information and belief, HGA is a corporation organized and existing under the laws of the State of New York, with its principal business address at P.O. Box 666, New York, New York 10018-9998.   Upon information and belief, Defendant HGA is a company which designs and manufacturers women's apparel.

**JURISDICTION AND VENUE**

6.      This Court has personal jurisdiction over the Defendants by virtue of their regular transaction of business and commission of tortious acts within the State of New York pursuant to New York C.P.L.R. §§ 301 and 302.

7.      This Court has original subject matter jurisdiction under 28 U.S.C. §§

2

1331 and 1338(a) and (b) because this action arises under the United States Copyright Act, 17 U.S.C. § 101, et seq.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because the Defendants may be found in this District, conduct business in this District and/or have substantial contacts with this District.

## FACTS COMMON TO ALL COUNTS

9.    Plaintiff Milano is a family owned and operated company that designs, manufactures, markets and sells women's apparel intended for retail sale nationwide at moderate price points. One of the original, unique designs created by Milano is called the "Gypsy Dot" design (hereinafter referred to as the "Copyrighted Design"). The Copyrighted Design is depicted in Exhibit A annexed hereto.

10.    Milano is the owner of the copyright in the Copyrighted Design, a work made for hire, for which it received Copyright Registration Certificate No. VA 738-218, effective as of March 12, 2007, by the United States Copyright Office (the "Registration"). The Registration is valid and subsisting. A copy of the Registration is annexed hereto as Exhibit B.

11.    As with all of Plaintiff's original designs, Plaintiff had its Copyrighted Design imprinted in various color combinations on fabric from which it manufactured, or had manufactured on its behalf, women's apparel under its own brand name for national distribution and sale. The Copyrighted Design was created in or about February, 2007, the first fabric was produced in March, 2007 and finished garments were first shipped to retail stores in or about June, 2007.

3

12.    Plaintiff has since sold woman's apparel under its own label incorporating the Copyrighted Design to over 50 retail customers nationwide, including within the New York metropolitan area. The Copyrighted design is a valuable asset of Plaintiff.

13.    Upon information and belief, Defendants had knowledge of and access to Milano's Copyrighted Design prior to the commencement of their respective acts of infringement.

14.    Milano has been and still is the sole proprietor of all right, title and interest in and to the Copyrighted Design and the copyright therein.

15.    Upon information and belief, commencing after Milano's creation of the Copyrighted Design and the issuance of the Registration, and continuing to this date, defendant Tracy Evans designed, manufactured and sold, or caused to be designed, manufactured and/or sold or offered for sale, ladies' blouses and dresses containing a design that is identical or strikingly similar to Milano's Copyrighted Design without authority or license from Milano, thereby infringing Milano's rights in the Copyrighted Design.

16.    Upon information and belief, commencing after Milano's creation of the Copyrighted Design and the issuance of the Registration, and continuing to this date, defendant HGA manufactured and sold, or caused to be manufactured and/or sold or offered for sale, ladies' blouses and dresses containing a design that is identical or strikingly similar to Milano's Copyrighted Design without authority or license from Milano, thereby infringing Milano's rights in the Copyrighted Design.

17.    Upon information and belief, commencing after Milano's creation of the

4

Copyrighted Design and the issuance of the Registration, and continuing to this date, defendant Panzai sold, offered for sale, advertised and distributed ladies' blouses containing a design that is identical or strikingly similar to Milano's Copyrighted Design without authority or license from Milano, thereby infringing Milano's rights in the Copyrighted Design.

18.    Plaintiff first discovered Defendants' infringements on or about September 4, 2007, when one of Plaintiff's representatives purchased an infringing garment that incorporate the Copyrighted Design from Defendant Panzai's retail store located at 357 Seventh Avenue, New York, New York 10001.   The infringing garment has a hand tag and label depicting the Tracy Evans brand.   Color photographs of this garment are annexed hereto as Exhibit C (hereafter referred to as the "Infringing Garment").

19.    The Infringing Garment contains a label imprinted with Federal Trade Commission ("FTC") Registered Identification Number ("RN") 108727, which, according to the FTC RN online database, is registered to Defendant HGA.  The RN is a number issued by the FTC to U.S. businesses in the manufacturing, importing or distributing of products covered by the federal Textile, Wool and Fur Acts, to allow garment manufactures to use an RN on their labels in lieu of their company name.

20.    Upon information and belief, defendant HGA manufactured the Infringing Garment for defendant Tracy Evans.

21.    Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the sale of its own garments featuring the Copyrighted Design and will continue to sustain damages as a result of Defendants' wrongful conduct and their production, sale, marketing and distribution of the Infringing Garment.

5

22.     Upon information and belief, unless enjoined by this Court, Defendants intend to continue their wrongful activities through their ongoing production, sale, marketing and distribution of the Infringing Garment containing the Copyrighted Design.  As a direct and proximate result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer irreparable harm and lost revenues.

## COUNT I- COPYRIGHT INFRINGEMENT AGAINST TRACY EVANS

23.     Plaintiff repeats and realleges paragraphs 1 through 22 hereof as if fully set forth herein in their entirety.

24.     Upon information and belief, as a result of the open use, display, distribution and sale by Milano of garments incorporating the Copyrighted Design, Defendant Tracy Evans had access to the Copyrighted Design prior to its design, manufacture and/or sale of the Infringing Garment.

25.     Defendant Tracy Evans had no authority or license from Plaintiff to reproduce or sell goods containing the Copyrighted Design.

26.     Upon information and belief, Defendant Tracy Evans has profited from sales of the Infringing Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's Copyrighted Design.

27.     As a result of the foregoing, Defendant Tracy Evans has infringed Plaintiff's exclusive rights in the Copyrighted Design in violation of the 1976 Copyright Act, 17 U.S.C. § 501, by designing, manufacturing, displaying, selling, distributing, promoting and/or advertising apparel products featuring designs that are identical or substantially similar to

Plaintiff's Copyrighted Design.

28. Plaintiff has been damaged by Defendant Tracy Evans' acts, which, upon information and belief, have been deliberate and willful. Such acts will continue to injure Plaintiff and its exclusive rights and copyright in the Copyrighted Design.

29. By reason of the foregoing, Plaintiff is entitled to damages and Tracy Evans' profits derived from its sales of the Infringing Garment or, alternatively, at Plaintiff's election prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000 for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

30. The conduct of Defendant Tracy Evans has caused and will continue to cause irreparable harm to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT II - COPYRIGHT INFRINGEMENT AGAINST PANZAI

31. Plaintiff repeats and realleges paragraphs 1 through 30 hereof as if fully set forth herein in their entirety.

32. Upon information and belief, as a result of the open use, display, distribution and sale by Milano of garments incorporating the Copyrighted Design, Defendant Panzai had access to the Copyrighted Design prior to its sale of the Infringing Garment.

33. Defendant Panzai had no authority or license from Plaintiff to market or sell goods containing the Copyrighted Design.

7

34.    Upon information and belief, Defendant Panzai has profited from sales of the Infringing Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's Copyrighted Design.

35.    As a result of the foregoing,  Defendant Panzai has infringed Plaintiff's exclusive rights in the Copyrighted Design in violation of the 1976 Copyright Act, 17 U.S.C. § 501, by displaying, selling, distributing, promoting and/or advertising apparel products featuring designs that are identical or substantially similar to Plaintiff's Copyrighted Design.

36.    Plaintiff has been damaged by Defendant Panzai's acts, which, upon information and belief, have been deliberate and willful.  Such acts will continue to injure Plaintiff and its  exclusive rights and copyright in the Copyrighted Design.

37.    By reason of the foregoing, Plaintiff is entitled to damages and Panzai's profits derived from its sales of the Infringing Garment or, alternatively at Plaintiff's election prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000 for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

38.    The conduct of Defendant Panzai has caused and will continue to cause irreparable harm to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT III - COPYRIGHT INFRINGEMENT AGAINST HGA

39.    Plaintiff repeats and realleges paragraphs 1 through 38 hereof as if fully set forth herein in their entirety.

8

40.    Upon information and belief, as a result of the open use, display, distribution and sale by Milano of garments incorporating the Copyrighted Design, Defendant HGA had access to the Copyrighted Design prior to its design, manufacture and sale of the Infringing Garment.

41.    Defendant HGA had no authority or license from Plaintiff to reproduce or sell goods containing the Copyrighted Design.

42.    Upon information and belief, Defendant HGA has profited from sales of the Infringing Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's Copyrighted Design.

43.    As a result of the foregoing, Defendant HGA has infringed Plaintiff's exclusive rights in the Copyrighted Design in violation of the 1976 Copyright Act, 17 U.S.C. § 501, by designing, manufacturing, displaying, selling, distributing, promoting and/or advertising apparel products featuring designs that are identical or substantially similar to Plaintiff's Copyrighted Design.

44.    Plaintiff has been damaged by Defendant HGA's acts, which, upon information and belief, have been deliberate and willful. Such acts will continue to injure Plaintiff and its exclusive rights and copyright in the Copyrighted Design.

45.    By reason of the foregoing, Plaintiff is entitled to damages and HGA's profits derived from its sales of the Infringing Garment or, alternatively, at Plaintiff's election prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000 for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. §

505.

46.     The conduct of Defendant HGA has caused and will continue to cause irreparable harm to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     Declaring Defendants to have violated 17 U.S.C. § 101 et seq. by reason of willful infringements of Plaintiff's Copyrighted Design.

2.     Preliminarily and permanently enjoining Defendants, and their respective employees, officers, directors, agents, licensees, affiliates, parents, subsidiaries, successors and assigns, and all those acting in concert with them, from:

a.     manufacturing, selling, distributing, displaying, reproducing, licensing, advertising, promoting or importing any Infringing Garment or any other goods that incorporate Plaintiff's Copyrighted Design, any design that is substantially similar to the Copyrighted Design and any derivative works based on the Copyrighted Design;

b.     authorizing any other third party to manufacture, sell, distribute, display, reproduce, license, advertise, promote or import any Infringing Garment or any other goods that incorporate Plaintiff's Copyrighted Design, any design that is substantially similar to the Copyrighted Design and any derivative works based on the Copyrighted Design; and

c.     aiding or assisting any other third party in engaging in any of the acts prohibited in sub-paragraphs (a) and (b).

10

3.    Requiring Defendants to recall immediately the Infringing Garment and all advertisements therefore, from all sources and locations, including without limitation any distributors, wholesalers, warehouses, jobbers and other retailers wherever located in the United States and its territories, and to immediately remove the Infringing Garment and related advertising and marketing materials from public view and access.

4.    That Defendants be required to deliver up for destruction the Infringing Garment and all other goods, advertisements and materials in their possession, custody or control that incorporate or are substantially similar to Plaintiff's Copyrighted Design, including without limitation all marketing and promotional materials, as well as all articles by means of which such infringing goods were or could be made.

5.    Awarding Plaintiff such actual damages as it has sustained or will sustain as a result of Defendants' infringement of Plaintiff's Copyrighted Design.

6.    Awarding Plaintiff all of Defendants' profits and gains derived from their sales and exploitation of the Copyrighted Design or, in the alternative, should Plaintiff so elect prior to trail, an award of statutory damages as the Court deems proper pursuant to 17 U.S.C. § 504, including damages for willful infringement up to $150,000.

7.    Awarding Plaintiff its reasonable attorneys' fees and the costs of this action pursuant to 17 U.S.C. §505.

8.    Awarding Plaintiff the costs it incurs for the destruction of the delivered Infringing Garment.

9.    Awarding Plaintiff such other and further relief as the Court deems just or

11

equitable in the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
       September 12, 2007

                              HERRICK, FEINSTEIN LLP

                              By:_____
                                 Barry Werbin
                                 Marni Weiss
                              Attorneys for Plaintiff
                              2 Park Avenue
                              New York, New York 10016
                              (212) 592-1400

12

# EXHIBIT A



#2646 Gypsy Dot (red)          Copyright Milano (R) 2007 - all rights reserved
* Color not actual due to paper base. Subject to change with fabric choice.

Red



Ivory



Off-white



Black



Natural



Teal

#2646 Gypsy Dot (colorways 08.31.07)    Copyright Milano (R) 2007 - all rights reserved

* Color not actual due to paper base. Subject to change with fabric choice.

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT

VAu 738 - 218

EFFECTIVE DATE OF REGISTRATION

| 3 | 12 | 07 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼                       NATURE OF THIS WORK ▼ See instructions

#2646 GYPSY DOT                     FABRIC DESIGN

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**
**a**

NAME OF AUTHOR ▼                     DATES OF BIRTH AND DEATH
MILANO MANHATTAN, LTD.          Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?    Author's Nationality or Domicile
Name of Country
☑ Yes    OR { Citizen of   USA
☐ No         Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No   If the answer to either of these questions is
Pseudonymous? ☐ Yes ☑ No   "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture   ☐ Map    ☐ Technical drawing
☑ 2-Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

Name of Author ▼                     Dates of Birth and Death
                                Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?    Author's Nationality or Domicile
Name of Country
☐ Yes    OR { Citizen of
☐ No         Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No   If the answer to either of these questions is
Pseudonymous? ☐ Yes ☐ No   "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture   ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**
**a** Year in Which Creation of This Work Was Completed   2007   This information must be given Year in all cases.
**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.   Month    Day    Year    Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
MILANO MANHATTAN, LTD.
525 7TH AVENUE, SUITE 806,
NEW YORK, NY 10

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
MAR 1 2 2007
ONE DEPOSIT RECEIVED
MAR 1 2 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    DO NOT WRITE HERE
           • See detailed instructions.    • Sign the form at line 8.
           Page 1 of _ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼    **Year of Registration** ▼

**6** **DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

**a**

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**b**

See instructions
before completing
this space.

**7** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                    **Account Number** ▼

MILANO MANHATTAN LTD                    84301

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

MILANO MANHATTAN, LTD
525 7TH AVENUE, SUITE 806
NEW YORK. NY 10

**b**

Area code and daytime telephone number  ( 212 ) 398-4444  EXT 415          Fax number  ( 212 ) 398-0032

Email  RAY@MILANOLTD.COM

**8** **CERTIFICATION*** I, the undersigned, hereby certify that I am the
                              check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of  MILANO MANHATTAN, LTD BY P. YADIDI
                                Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
PAYMAN YADIDI                                                    Date  MAYCH 09, 2007

Handwritten signature (X) ▼

X

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
MILANO MANHATTAN LTD
Number/Street/Apt ▼
525 7TH AVENUE, SUITE 806
City/State/ZIP ▼
NEW YORK, NY 10018

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT C











